UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDWARDO ALEXANDRO MATHEW | : | |
| | : | |
| v. | : | C.A. No. 09-253S |
| | : | |
| THE DONALD WYATT DETENTION FACILITY, et al. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Plaintiff commenced this <u>pro so</u> action on June 2, 2009 by filing a thirty-page Complaint against the Wyatt Detention Facility and several of its employees (the "Wyatt Defendants") as well as certain Federal Agencies and Officials (the "Federal Defendants"). Plaintiff alleges that he was mistreated and denied adequate medical care while in civil immigration custody at the Wyatt Facility for a period in May and June 2006. Plaintiff also alleges that he is a citizen of the Kingdom of the Netherlands and was deported to Aruba in September 2007.

The Wyatt Defendants filed timely Answers to Plaintiff's Complaint. (Document Nos. 9 and 11). On October 15, 2009, the Federal Defendants[1] responded to the Complaint with three Motions: (1) a Motion to Substitute the United States of America for the existing Federal Defendants with respect to Plaintiff's tenth cause of action, a tort claim for intentional infliction of emotional distress, pursuant to the Federal Tort Claims Act, 28 U.S.C. 2679(d)(1) (Document No. 13); (2) a Motion to Dismiss the Official Capacity Federal Defendants for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (Document No. 14);

---

[1] The Federal Defendants are the U.S. Immigration and Customs Enforcement ("ICE") agency, ICE Officials Bruce Chadbourne and Michael Webster, Department of Homeland Security Officials Michael Chertoff and Donald Kent and former Attorney General Alberto Gonzales.

and (3) a Motion to Dismiss the Individual Capacity Federal Defendants for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim pursuant to Rules 12(b)(1), 12(b)(2) and 12 (b)(6), Fed. R. Civ. P. (Document No. 15).  These Motions have been referred to me for preliminary review, findings and recommended disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.

**Discussion**

On November 30, 2009, Plaintiff filed a Motion for an extension of time to file his opposition to the Motions filed by the Federal Defendants.  (Document No. 16).  Plaintiff's Motion was granted on December 8, 2009 and the opposition filing deadline was extended to January 6, 2010 as requested by Plaintiff, and notice of the Order was sent to Plaintiff at his address of record.  Plaintiff, to date, has neither filed his oppositions nor sought any further extension of the filing deadlines.  Thus, the Federal Defendants' pending Motions (Document Nos. 13-15) are unopposed, and I recommend that the District Court grant such Motions absent any timely-filed opposition by Plaintiff.  Although Plaintiff is pro se, he was specifically aware that there was a deadline to respond to the Motions filed by the Federal Defendants, and he cited and invoked Rule 6(b), Fed. R. Civ. P., in successfully seeking an extension until January 6, 2010.  Plaintiff has had nearly two months to review and respond to the Federal Defendants' pending Motions but has not done so without explanation or apparent justification.  His failure to do so is a violation of this Court's Local Rules (Local Rule Cv 7(b)(1)) and warrants a recommendation that the pending Motions be granted absent opposition.  Although Plaintiff is entitled to certain accommodations because of his pro se status, his pro se status does not excuse him from complying with the Court's procedural rules.  See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000).

See also Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("[w]hile courts have historically loosened the reins for pro se parties...the 'right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.'") (internal citations and quotations omitted).

**Conclusion**

For the foregoing reasons, I recommend that the Federal Defendants' pending Motions to Substitute (Document No. 13) and to Dismiss (Document Nos. 14 and 15) be GRANTED. In addition, the Federal Defendants are Ordered to submit within seven (7) days, a proposed form of Order to Judge Smith for his consideration.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 8, 2010