UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EDWARDO ALEXANDRO MATHEW  :
                          :
    v.                    :     C.A. No. 09-253S
                          :
THE DONALD WYATT DETENTION :
FACILITY, et al.          :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Plaintiff commenced this pro so action on June 2, 2009 by filing a thirty-page Complaint against the Wyatt Detention Facility and several of its employees (the "Wyatt Defendants") as well as certain Federal Agencies and Officials (the "Federal Defendants"). Plaintiff alleges that he was mistreated and denied adequate medical care while in civil immigration custody at the Wyatt Facility for a period in May and June 2006. Plaintiff also alleges that he is a citizen of the Kingdom of the Netherlands and was deported to Aruba in September 2007.

The Wyatt Defendants filed timely Answers to Plaintiff's Complaint. (Document Nos. 9 and 11). On October 15, 2009, the Federal Defendants[1] responded to the Complaint with three Motions: (1) a Motion to Substitute the United States of America for the existing Federal Defendants with respect to Plaintiff's tenth cause of action, a tort claim for intentional infliction of emotional distress, pursuant to the Federal Tort Claims Act, 28 U.S.C. 2679(d)(1) (Document No. 13); (2) a Motion to Dismiss the Official Capacity Federal Defendants for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. (Document No. 14);

---

[1] The Federal Defendants are the U.S. Immigration and Customs Enforcement ("ICE") agency, ICE Officials Bruce Chadbourne and Michael Webster, Department of Homeland Security Officials Michael Chertoff and Donald Kent and former Attorney General Alberto Gonzales.

and (3) a Motion to Dismiss the Individual Capacity Federal Defendants for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), Fed. R. Civ. P. (Document No. 15). These Motions were referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72.

On November 30, 2009, Plaintiff filed a Motion for an extension of time to file his opposition to the Motions filed by the Federal Defendants. (Document No. 16). Plaintiff's Motion was granted on December 8, 2009 and the opposition filing deadline was extended to January 6, 2010 as requested by Plaintiff, and notice of the Order was sent to Plaintiff at his address of record.

On January 6, 2010, Plaintiff submitted his opposition to the Clerk's Office but it was not docketed because it did not contain Plaintiff's original signature as required by the applicable rules. Thus, since the docket reflected that the Motion was unopposed, I recommended on January 8, 2010 that the Federal Defendants' Motions to Substitute and to Dismiss be GRANTED. (Document No. 18). However, Plaintiff's insufficient filing was subsequently forwarded to me and I issued an order refusing and returning the opposition to Plaintiff on January 13, 2010. (Document No. 19).

In response, Plaintiff filed an Objection to my Report and Recommendation (Document No. 29), a Motion to Amend his Complaint (Document No. 27), and Oppositions to the Federal Defendants' Motions to Substitute and Dismiss. (Document Nos. 28, 30 and 31). On May 19, 2010, Judge Smith issued an Order that Plaintiff's Oppositions would be treated as a motion to reconsider his Order of January 19, 2010 (Document No. 25) adopting my January 8, 2010 Report and Recommendation and granting the Federal Defendants' Motions. Subsequently, on June 8, 2010, Judge Smith referred both Plaintiff's Motion to Amend and the Motions to Reconsider to me for a report and recommendation.

After reviewing the procedural history of this case and balancing the equities, I conclude that the just course of action is to recommend that Judge Smith vacate his Order of January 19, 2010 (Document No. 25), GRANT Plaintiff's pending Motion for Leave of Court to Amend his Complaint (Document No. 27), and DENY without prejudice the Federal Defendants' Motions (Document Nos. 13, 14 and 15) directed at Plaintiff's original Complaint. First, my initial Report and Recommendation was premised on Plaintiff's failure to file timely oppositions to the Federal Defendants' Motions. However, it turned out that he filed timely but noncompliant oppositions on the January 6, 2010 deadline which were not docketed because they did not contain original signatures. Although Plaintiff's pro se status plainly does not excuse him from complying with the Court's procedural rules, see Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000), the submission of pleadings with photocopied rather than original signatures is not a major violation of the rules which would justify denying Plaintiff an opportunity to oppose a case dispositive motion. In addition, Fed. R. Civ. P. 15(a)(2) instructs that the Court should "freely give leave [to amend a complaint] when justices so requires" and the Federal Defendants have not identified any undue delay on the part of Plaintiff in seeking to amend or undue prejudice to them by virtue of allowing the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).[2] Finally, given the significant substantive differences between the Original and Amended Complaints, it is unclear to what extent the Federal Defendants' legal arguments made in response to Plaintiff's original Complaint would apply to the Amended Complaint and, finally, the

---

[2] The Federal Defendants' primarily oppose the amendment on grounds of futility, i.e., failure to state a claim. Although I recommend granting the amendment over objection, I do so without prejudice to the Federal Defendants renewing some or all of such arguments, under Fed. R. Civ. P. 12, as may be appropriate, in response to Plaintiff's Amended Complaint.

complexity of such arguments makes it more appropriate to consider them in the context of a fully-briefed Rule 12 motion rather than in an opposition to a Rule 15 motion.

**Conclusion**

For the foregoing reasons, I recommend that the Court VACATE its January 19, 2010 Order (Document No. 25) and the Report and Recommendation dated January 8, 2010 (Document No. 18), GRANT Plaintiff's Motion for Leave of Court to Amend his Complaint (Document No. 27), and DENY as moot and without prejudice the Federal Defendants' Motions (Document Nos. 13, 14 and 15) directed at Plaintiff's Original Complaint. I also recommend that the Court ORDER Plaintiff to file his Amended Complaint within fourteen (14) days of the date of the Court's ORDER.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 6, 2010